UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DEMETRIA SINGLETARY

    Plaintiff,

v.

GRUPO PINERO, a foreign company; and
BAHIA PRINCIPE, a foreign company
d/b/a Luxury Bahia Principe Runaway Bay;

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEMETRIA SINGLETARY, sues Defendants, GRUPO PINERO, a foreign company; BAHIA PRINCIPE, a foreign company d/b/a Luxury Bahia Principe Runaway Bay and further states as follows:

**GENERAL ALLEGATIONS AS TO ALL COUNTS**

1. This is an action in diversity under 28 U.S.C. § 1332 for personal injury and/or all other applicable law with damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Venue is proper in the U.S. District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1391.

3. At all times material hereto, Plaintiff, Demetria Singletary ("Ms. Singletary") was and is a citizen of the United States, citizen of and domiciled in the State of Maryland.

1

4. At all times material hereto, Defendant, GRUPO PINERO ("GP") was and is a foreign company based in Spain, which owns various subsidiaries or divisions including Co-Defendant BAHIA PRINCIPE.

5. Defendant, GP, owns and/or operates the Luxury Bahia Principe Runaway Bay through its subsidiary, and co-Defendant BAHIA PRINCIPE.  Further, GP conducts substantial and not isolated business in Florida and the United States through its agent, BP USA Travel, Inc., located at at 8726 NW 26th Street, Suite 25, Doral, Florida 33172 and registered agent RANDALL GEOFFREY located at 8726 NW 26th Street, Doral, Florida 33172.  BP USA Travel Inc is a tour operator whose purpose is to increase the number of tourists from the United States, specifically Florida to the Bahia Principe resorts.  Therefore, GP is subject to personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(a) and Fla. Stat. §48.193(2).

6. At all times material hereto, Defendant, BAHIA PRINCIPE ("BAHIA") was and is a foreign company which owns and/or operates a group of hotels and resorts under the "Bahia Principe" flag.  Further, BAHIA conducts substantial and not isolated business in Florida and the United States through its agent, BP USA Travel, Inc., located at at 8726 NW 26th Street, Suite 25, Doral, Florida 33172 and registered agent RANDALL GEOFFREY located at 8726 NW 26th Street, Doral, Florida 33172.  BP USA Travel Inc is a tour operator whose purpose is to increase the number of tourists from the United States, specifically Florida to the Bahia Principe resorts.  Therefore, BAHIA is subject to personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(a) and Fla. Stat. §48.193(2).

7. Defendant, BAHIA, is the owner and/or operator of the Luxury Bahia Principe Runaway Bay resort located in Runaway Bay, Jamaica.

8. At all times material hereto, Defendant BAHIA was and is an agent of GP.  BAHIA and GP are in a formal and/or informal business relationship in which BAHIA would own and/or operate the Luxury Bahia Principe Runaway Bay.  BAHIA was created to own and operate various Bahia Principe resorts which are integral to GP's financial and business interests.

9. At all times material, Defendant, BAHIA accepted responsibility for and acted within the actual, express or implied authority of GP in its capacity as a Bahia Principe resort operator.

10. GP, as principal, had control or right to control BAHIA in the discharge of its duties as a Bahia Principe resort operator.

11. At all times material, BAHIA was the apparent agent of GP.  Defendant, BAHIA owns and/or operates the Luxury Bahia Principe Runaway Bay.  Plaintiff justifiably relied on the apparent agency relationship between GP and BAHIA and further suffered a detriment in reliance on representations made by BAHIA that it owned and operated the Luxury Bahia Principe Runaway Bay, a GP resort.

12. On October 10, 2010, Plaintiff, Ms. Singletary, was a guest of the Luxury Bahia Principe Runaway.  On that evening, unknown and unidentified individuals forcibly attempted to gain access to Ms. Singletary's guestroom.

13. From outside her guestroom, these unidentified assailants made known their intention to assault Ms. Singletary once they gained access.  Ms. Singletary called the front desk pleading for help.  Ms. Singletary's calls for aid were ignored by hotel management.

14. In the early morning hours on or about October 12, 2010, after hours of repeated attempts to gain entry to her guestroom, the door began to give way.  Through the door, her

assailants again made clear their intention to brutally assault Ms. Singletary. At this point, Ms. Singletary retreated to her balcony. With the door yielding to the ongoing assault and in imminent fear for her life, Ms. Singletary desperately attempted to flee from her would be attackers to the of the guestroom located floor beneath hers. In so doing, Ms. Singletary was unable to maintain her grip and she subsequently fell two stories, causing severe injuries.

15. Ms. Singletary remained on the ground where she fell for approximately forty-five minutes before any resort personnel came to her aid.

### COUNT I
### NEGLIGENCE AS TO GP

16. At all times material, GP owed a duty to exercise reasonable care for the safety and health of its guests, such as Ms. Singletary by providing adequate security on its premises, including at the Luxury Bahia Principe Runaway Bay.

17. At all times material, GP owed a further duty to exercise reasonable care in rendering aid to injured resort guests.

18. Defendant, GP, breached its duties in one or more of the following ways:

    a. Failing to provide adequate security on its resort premises;

    b. Failing to have a procedure in place for when guests alert hotel staff of an imminent danger to their person;

    c. Failing to properly train security personnel present on resort property, if any;

    d. Failing to heed calls for help from its guests;

    e. Failing to have policies or procedural safeguards in place that would have prevented the assailants in this case from forcing Ms. Singletary from her guestroom;

    f. Failing to properly assist Ms. Singletary after resort personnel discovered she had been injured;

    g. Failing to adequately train its staff in basic first aid; and

    h. Failing to adequately train its staff to recognize a medical emergency and call for professional assistance such as an EMT or ambulance.

19. As a direct and proximate result of the above referenced negligence, Ms. Singletary was severely injured.

WHEREFORE, Plaintiff, DEMETRIA SINGLETARY, demands judgment against Defendant, GRUPO PINERO, for compensatory damages and costs associated with this action.

## COUNT II
## NEGLIGENCE AS TO BAHIA PRINCIPE

20. At all times material, BAHIA owed a duty to exercise reasonable care for the safety and health of its guests, such as Ms. Singletary by providing adequate security on its premises, including at the Luxury Bahia Principe Runaway Bay.

21. At all times material, BAHIA owed a further duty to exercise reasonable care in rendering aid to injured resort guests.

22. Defendant, BAHIA, breached its duties in one or more of the following ways:

    a. Failing to provide adequate security on its resort premises;

    b. Failing to have a procedure in place for when guests alert hotel staff of an imminent danger to their person;

    c. Failing to properly train security personnel present on resort property, if any;

    d. Failing to heed calls for help from its guests;

    e. Failing to have policies or procedural safeguards in place that would have prevented the assailants in this case from forcing Ms. Singletary from her guestroom;

    f. Failing to properly assist Ms. Singletary after resort personnel discovered she had been injured;

    g. Failing to adequately train its staff in basic first aid; and

    h. Failing to adequately train its staff to recognize a medical emergency and call for professional assistance such as an EMT or ambulance.

23. As a direct and proximate result of the above referenced negligence, Ms. Singletary was severely injured.

WHEREFORE, Plaintiff, DEMETRIA SINGLETARY, demands judgment against Defendant, BAHIA PRINCIPE d/b/a Luxury Bahia Principe Runaway Bay for compensatory damages and costs associated with this action.

## COUNT III
## VICARIOUS LIABILITY AS TO GP

24. At all times material, BAHIA was the agent and/or apparent agent of GP with respect to the management and operation of the Luxury Bahia Principe Runaway Bay.

25. GP is liable for the negligence of its agents and/or apparent agents as well as for its own active negligence.

26. At all times material, BAHIA, acted with the consent, permission, knowledge and/or authorization of Defendant, GP and therefore GP is liable for the acts and omissions of its agent, BAHIA.

27. As a direct and proximate result of BAHIA's above described negligence, Plaintiff, DEMETRIA SINGLETARY was seriously injured and thus, as principal, GP is

vicariously liable.

WHEREFORE, Plaintiff, DEMETRIA SINGLETARY, demands judgment against Defendant, GRUPO PINERO, for compensatory damages and costs associated with this action.

## DAMAGES

As a direct and proximate result of the acts and omissions of Defendants, GRUPO PINERO, a foreign company; BAHIA PRINCIPE, a foreign company d/b/a Luxury Bahia Principe Runaway Bay, are liable to DEMETRIA SINGLETARY for the following:

a. Bodily injuries and resulting pain and suffering;

b. Permanent disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of capacity for the enjoyment of life; and

f. Expense of hospitalization, medical and nursing care and treatment.

These losses are either permanent or continuing in nature and Plaintiff, DAVID WAGNER will suffer these losses into the future.  These damages were the direct and proximate result of the acts and omissions of Defendants.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

>Respectfully submitted,
>
>**THE LAW OFFICES OF DANIEL D. BARKS, LLC**
>Daniel D. Barks, Esq.
>204 South Royal Street
>Alexandria, Virginia 22314
>
>and

**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone: (305) 445-4430
Fax: (305) 445-4431
Email: bob@rlplegal.com

By: /s/ Robert L. Parks
Robert L. Parks
Florida Bar No. 61436
*Attorney for the Plaintiffs*