UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21124-CIV-MARRA

DEMETRIA SINGLETARY,

Plaintiff,

vs.

GRUPO PINERO et al,

Defendants.

_____

## OPINION AND ORDER[1]

This cause is before the Court upon Defendants' Renewed Motion to Dismiss the

Plaintiff's Complaint pursuant to the Forum Non Conveniens Doctrine (DE 28).  The Motion is

fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise

fully advised in the premises.

I. Background

According to the allegations of the Complaint, on October 10, 2010, Plaintiff Demetria

Singletary ("Plaintiff") was a guest at the Luxury Bahia Principe Runaway, located in Runaway

Bay, Jamaica. (Compl. ¶ 7, DE 1.)  On that evening, unknown and unidentified individuals

forcibly attempted to gain access to Plaintiff's guestroom. (Compl. ¶ 12.)  From outside her

guestroom, these individuals made known their intention to assault Plaintiff once they gained

access.  Plaintiff called the front desk pleading for help, but her calls were ignored by hotel

management. (Compl. ¶ 13.)  In the early morning hours of October 12, 2010, after hours of

repeated attempts to gain entry into her guestroom, the door began to give way and these

_____

[1] The Court presumes familiarity with its prior Orders.

individuals made clear their intention to brutally assault Plaintiff.  Plaintiff then went to the balcony and attempted to get to the guestroom located on the floor beneath.  In so doing, Plaintiff was unable to maintain her grip and she fell two stories, causing severe injuries. (Compl. ¶ 14.) Plaintiff remained on the ground where she fell for approximately 45 minutes before any resort personnel came to her aid. (Compl. ¶ 15.)

Plaintiff, a United States citizen and Maryland resident, brings a three-count Complaint against Defendants Grupo Pinero ("GP") and Bahia Principe ("BP") (collectively, "Defendants") for negligence as to GP (count one), negligence against BP (count two) and vicarious liability as to GP (count three).   GP is based in Spain and owns various subsidiaries including BP, a foreign company.[2] (Compl. ¶ ¶ 4, 6.)  GP owns and operates Luxury Bahia Principe Runaway through its subsidiary BP.  (Compl. ¶ 5.)

On February 19, 2014, Judge Hoeveler denied Defendants' motion to dismiss, without prejudice, on the basis of forum non conveniens, and stated that the Court would entertain a renewed motion to dismiss "if, indeed, it is established that there are specific witnesses or parties outside of the jurisdiction of this Court, such that dismissal on the basis of forum non conveniens is appropriate." (DE 26 at 8-9.)  The Order held that Jamaica is an available and adequate forum. (DE 26 at 4.)  The Order also held that Plaintiff, as a citizen of the United States, is entitled to a presumption that her choice of forum is correct and that Defendants have not met their burden of establishing unusually extreme circumstances that merit denying Plaintiff her access to the

---

[2] GP has no offices in Florida but conducts business through an agent, BP USA Travel, Inc., located in Doral, Florida.  (Compl. ¶ 5.)  Defendants have collectively acknowledged that "Defendants' connection to BP USA Travel in Miami, Florida provides sufficient minimum contacts with the State of Florida for Plaintiffs to survive a motion to dismiss based on personal jurisdiction." (DE 14 at 3.)

federal courts.  (DE 26 at 9.)  The Order noted that Defendants have pointed to their hired security contractor, a Jamaican company, as an alleged tortfeasor, but that company, however, "appears not to be subject to this Court's jurisdiction, but the record is devoid of evidence to establish that fact." (DE 26 at 9-10.)

On April 1, 2014, the case was reassigned to the undersigned.  (DE 35.)  Defendants have now renewed their motion to dismiss pursuant to the forum non conveniens doctrine.  (DE 28.) In support, they have provided evidence for the Court to consider.  Garland Cameron, an ex-Resort employee and night auditor, was working at the front desk at the time he received a telephone call from Plaintiff's room, complaining about noise from guests who were walking the hallways and banging on doors.  Cameron did not report that Plaintiff was pleading for help. (Jesus Romero Quesada Aff. ¶ 8(a), DE 28-1).  Cameron reported this complaint to Control Officer, Lackeshia Downer, an employee of Sentry Services Security Company, Limited, a Jamaican security company.  Downer then informed Security Supervisor, Bancroft Brown, about the noise complaint made by Plaintiff.  (Quesada Aff. ¶ 8(b).)  Brown then inspected the hallway where Plaintiff's room was located and did not report any issues with guests making noises or any damage to Plaintiff's door.  (Quesada Aff. ¶ 8(c).)

In 2012, the Resort ceased using the services of Sentry.  (Quesada Aff. ¶ 6.)  On September 15, 2012, the Resort entered into a security services contract with a new Jamaican security company that is unrelated to Sentry and which has continuously provided security services for the Resort. (Quesada Aff. ¶ 7.)  The Resort does not presently employ or control any of the security guards who were working on the Resort property at the time of the alleged incident. (Quesada Aff. ¶ 9.)  Sentry does not have nor has it ever had any contacts with the State

of Florida. (Ken Whittaker Aff. ¶ ¶ 1-7, DE 28-2.)

Defendants have identified several witnesses located in Jamaica who have knowledge and documentation relevant to Plaintiff's claims.  These witnesses include, but are not limited to, several ex-employee lifeguards.  (Quesada Aff. generally; Def. List of Witnesses and Evidence, Ex. 3, DE 28-3.)  Plaintiff's affidavit states that while she was on the beach at the Resort, she was approached by a hotel lifeguard who asked about her looks and where her room was located. (Pl. Aff. ¶ 5(b), DE 16-4.)

In renewing their motion to dismiss, Defendants contend that all the events giving rise to Plaintiff's claims occurred in Jamaica and all the critical liability witnesses and evidence relating to Plaintiff's claims and theories of liability are located there.  According to Defendants, should the case proceed in the Southern District of Florida, Defendants will not be able to compel the production of documents and/or live testimony of critical witnesses to challenge Plaintiff's claims.  Plaintiff responds that the only issue before the Court is whether the inability of Defendants to join the security contractor and obtain testimony from witnesses no longer employed by the Resort is sufficient to tip the balance in favor of dismissal under the forum non conveniens doctrine.

II. Discussion

Under the doctrine of forum non conveniens, a district court may "decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum." Sibaia v. Dow Chem. Co., 757 F.2d 1215, 1218 (11th Cir. 1985).  While the Plaintiff s choice of forum is important, and entitled to a presumption that it is correct, the Court may

4

dismiss an action if it finds that "trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff s convenience . . . ." Wilson v. Island Seas lnvestments, Ltd., 590 F.3d 1264, 1269 (11th Cir. 2009). To make this determination, the Court must look to see whether the record demonstrates "positive evidence of unusually extreme circumstances," that convinces the Court that "material injustice is manifest" to justify "exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." Wilson v. Island Seas Investments, Ltd., 590 F.3d 1264, 1270 (11th Cir. 2009).

A forum non conveniens dismissal is appropriate where: (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties; (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.[3] Id. (citing Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1289-90 (11th Cir. 2009)). Private factors to be considered include: the relative ease of access to sources of proof, access to unwilling and willing witnesses, ability to compel testimony, the possibility of view of premises, and the enforceability of a judgment. Wilson, 590 F.3d at 1270. Factors in the public interest include, but are not limited to, any interest in the United States in deciding this dispute, the need to apply foreign law, the administrative burden imposed

---

[3] The Court's prior Order determined that Jamaica is an adequate alternative forum and that Plaintiff can reinstate her suit in Jamaica without undue prejudice.

5

by a trial of this case.  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1333 (11th Cir. 2011).

A review of the Complaint shows that the type, sufficiency and quality of the security of the Resort will be at issue as well as the circumstances surrounding Plaintiff's telephone call to the front desk.  Furthermore, the evidence submitted by Defendants shows that there are several security guards, employed by Sentry, who have knowledge pertinent to Plaintiff's claims and who are no longer employed by or controlled by the Resort.  These witnesses could provide rebuttal testimony to Plaintiff's version of the events.  See McLane v. Marriott Intern., Inc., 547 F. App'x 950, 955 (11th Cir. 2013) (affirming dismissal for forum non conveniens when critical witnesses concerning liability resided in Costa Rica); King v. Cessna Aircraft Co., 562 F.3d 1374, 1384 (11th Cir. 2009) (affirming dismissal for forum non conveniens in part because evidence can only be obtained from Italian witnesses).  Several of these witnesses are no longer under the control of the Resort and therefore Defendants would not be able to compel live attendance of these witnesses at a trial in the Southern District of Florida.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.")

Equally problematic is the inability of Defendants to implead Sentry.  The evidence reveals that Sentry has no contacts with the State of Florida or the United States which could make it amenable to suit in this district.  McLane, 547 F. App'x at 956 (the inability to implead potential third-party defendants supports dismissal); Tazoe, 631 F.3d at 1332 (holding that the inability to implead other alleged tortfeasors in federal district court weighs in favor dismissal).  Taken all this as whole, the Court finds that Defendants have remedied the evidentiary

insufficiencies identified in the Court's prior Order.

Plaintiff disagrees, claiming that the witness list is inflated, all the evidence and witnesses are under Defendants' control and Defendants have not shown that they could obtain testimony from individuals even if litigation occurred in Jamaica.  A review of the witnesses, however, demonstrates that many of the witnesses who are necessary to defend against Plaintiff's claims are not under Defendants' control.[4]   For example, Cameron, who is no longer employed by the Resort, did not report that Plaintiff was pleading for help, and Downer, an employee of Sentry, rebuts Plaintiff's claim that Plaintiff called the front desk for help.[5]  Brown's testimony that there were no damages to Plaintiff's door also serves to rebut Plaintiff's claim that intruders forced open her door.  Finally, the testimony of the lifeguards, who are no longer employed by the Resort, may rebut Plaintiff's testimony that she was approached by lifeguards who asked about the location of her room and commented on her appearance.[6]

"Perhaps the most important 'private interest' of the litigants is access to evidence." Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003).  The Court finds that Defendants have resolved the Court's previously stated concern that there are witnesses and parties outside of the

---

[4] The Court agrees with Plaintiff that Defendants' witness list is somewhat inflated, but that does not change the fact that there are essential witnesses to the defense that are not under Defendants' control.

[5] Plaintiff offers to stipulate that there was no telephone call for help.  The Court, however, agrees with Defendant that Plaintiff's statements during the telephone call as well as her demeanor will be critical to the defense.

[6] Plaintiff cites to various unpublished orders in this district that denied motions to dismiss on forum non conveniens grounds.  Those cases either did not involve witnesses out of the defendants' control or involved liability questions that could be addressed through witnesses in the United States.

jurisdiction of this Court.  As such, the Court finds that the balance of private interests now weighs strongly in favor of dismissal.  Furthermore, the Court finds that public interest factors tip in Defendants' favor as well; specifically, the local interest in having localized controversies resolved at home, the need to apply foreign law and the minimal interest the United States has in having this dispute resolved in a forum in this country. This is particularly the case here where Defendants have stipulated that they would submit to the jurisdiction of a Jamaican court. Taking all of the competing interests into consideration, the factors favoring transfer clearly outweigh Plaintiff's interest in a forum of her choice.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Dismiss the Plaintiff's Complaint pursuant to the Forum Non Conveniens Doctrine (DE 28) is **GRANTED**.  The case is dismissed without prejudice pursuant to the forum non conveniens doctrine in favor of litigation in the country of Jamaica.

The Clerk shall close the case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of September, 2014.

_____
KENNETH A. MARRA
United States District Judge